# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

RALPH A. UDICK,

     Plaintiff,

v.                                                 Case No: 5:16-cv-562-Oc-30PRL

THE STATE OF FLORIDA,

     Defendant.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court on the Defendant State of Florida's Motions [sic] to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) and Plaintiff's response in opposition (Doc. 9). Having considered these filings, the complaint, and the relevant law, the Court concludes the complaint should be dismissed.

Plaintiff Ralph A. Udick is suing Defendant State of Florida and seeks a declaration that Florida appellate court *per curiam* affirmances ("PCAs") violate the due process protections of the U.S. Constitution. At its core, Plaintiff's claim is that his due process rights were violated because the Florida Supreme Court lacked jurisdiction to review the decision of the Florida appellate court that issued two PCAS in civil cases he lost. Plaintiff also seeks a declaration that the two PCAs and final judgments issued against him are null and void for violating his due process rights. Alternatively, Plaintiff asks this Court to order the Florida Supreme Court to grant him an appeal from his Florida state court cases and review the decisions of the Florida appellate courts that issued the PCAs.

The Complaint must be dismissed. First, as Defendant argues, it is entitled to Eleventh Amendment immunity. *Grimes v. Florida*, 71 F. Supp. 3d 1319, 1323 (M.D. Fla. 2014); *Schmidt v. Florida First Dist. Court of Appeal*, No. 3:13CV460/MCR/EMT, 2014 WL 7428856, at *6 (N.D. Fla. Dec. 31, 2014), *aff'd sub nom. Schmidt v. Rodrigues*, 641 F. App'x 913 (11th Cir. 2016). Additionally, because Plaintiff asks the Court to declare his state court judgments null and void, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *Id.*; *Wint v. Palm Beach Cty.*, No. 14-CV-81500, 2015 WL 204869, at *4 (S.D. Fla. Jan. 14, 2015).

Finally, while not raised by Defendant, the Court notes that the complaint fails to state a claim upon which relief can be granted. As explained in *McGeehan Const., Inc. v. Florida*, No. 8:08CV996T27MSS, 2008 WL 4154380 (M.D. Fla. Sept. 5, 2008),

> The Fourteenth Amendment provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is axiomatic that "the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate,* 20 F.3d 1550, 1561 (11th Cir.1994).
>
> Plaintiff bases this action on the Florida Supreme Court's dismissal of its appeal from the Second District Court of Appeals. It is well-established, however, that "the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance." *Ohio v. Akron Metro. Park Dist. for Summit County,* 281 U.S. 74, 80, 50 S.Ct. 228, 74 L.Ed. 710 (1930); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ("[i]t is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all"). A state is free, as here, to place limitations on its supreme court in accordance with state policy. *See id.* In Florida, "the district courts of appeal engage primarily in the so-called error-correcting function to ensure that every litigant receives a fair trial. This system frees the supreme court to discharge its judicial policy-making function of clarifying the law and promulgating new rules of law." *Harmon v. Barton,* 894 F.2d 1268, 1272-73 n. 9 (11th Cir.1990); *see also Jenkins,* 385 So.2d at 1357-58.

> As a result, Article V, section 3(b)(3) does not constitute a deprivation of procedural or substantive due process. No fundamental right has been compromised, and Plaintiff fails to allege any additional deprivation of process within the appellate procedures as they are applied in Florida.

*Id.* at *2. This Court agrees with that reasoning and concludes that the complaint is due to be dismissed even if Defendant was not entitled to immunity and the relief sought was within this Court's jurisdiction to award.

Accordingly, it is ORDERED AND ADJUDGED that:

1.   Defendant State of Florida's Motions [sic] to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is GRANTED.

2.   Plaintiff's Complaint is DISMISSED.

3.   All pending motions are denied as moot. The clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of October, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record